UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ESTATE OF EMMA CARTLEDGE,

        Plaintiff,

        v.

COLUMBIA CASUALTY COMPANY,

        Defendant,

_____/

NO. CIV. 2:11-2623 WBS GGH

ORDER RE: MOTION TO DISMISS

----oo0oo----

        Plaintiff the Estate of Emma Cartledge, by and through her successor in interest, Kenny Cartledge, ("Cartledge") brought this action against defendant Columbia Casualty Company ("Columbia") alleging claims under California Insurance Code section 11580(b)(2) and for breach of the implied covenant of good faith and fair dealing.  Defendant now moves to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

///

1

I.   <u>Procedural and Factual Background</u>

Sierra Manor Associates, Inc. ("Sierra Manor Associates") is a residential elder care facility that does business as Sierra Manor. (Mem. of P. & A. in Supp. of Mot. to Dismiss at 1.) Cartledge obtained a default judgment in state court ("the underlying state action") against Sierra Manor Associates, Inc., individually and doing business as Sierra Manor, in the amount of $2,000,471.50 for claims arising from injuries allegedly sustained by Emma Cartledge while a resident at Sierra Manor. (Compl. at 2.) Sierra Manor Associates was the only defendant named in the underlying state action. (<u>Id.</u>)

Columbia issued a commercial liability policy to Attwal Enterprises, Inc. ("Attwal Enterprises"), a corporation that uses two fictitious business names--Sierra Manor and Woodson Lodge. (<u>Id.</u> at 3; Mem. of P. & A. in Supp. of Mot. to Dismiss at 1.) That policy was valid at the time of the acts under which the underlying state action arose. Sierra Manor Associates is not listed as an insured on the policy. (Miller Decl. ¶ 2; Ex. C.) Balwinder Attwal ("Mr. Attwal") is the CEO of both Attwal Enterprises and Sierra Manor Associates. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 2-3, Exs. 4, 5.)

Cartledge alleges that Columbia was aware of the underlying action, but did not participate in the underlying action and rejected Cartledge's offers to settle within policy limits. (Compl. at 3.)

Claiming that Sierra Manor Associates was an insured under the Columbia policy, Cartledge brought this action against Columbia as a judgment creditor seeking to collect on the default

2

judgment against Sierra Manor Associates and bringing a claim for breach of the implied covenant of good faith and fair dealing.

II. <u>Judicial Notice</u>

In general, a court may not consider items outside the pleadings when deciding a motion to dismiss, but it may consider items of which it can take judicial notice. <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice may properly be taken of matters of public record outside the pleadings. See <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986).

Defendant has requested that the court take judicial notice of five items: (1) the Complaint in the underlying state action; (2) the Complaint in the instant action; (3) a copy of the California Secretary of State Business Entity Detail for Sierra Manor Associates; (4) a copy of the California Secretary of State Business Entity Detail for Attwal Enterprises; and (5) the insurance policy issued to Attwal Enterprises. (Req. for Judicial Notice (Docket No. 7-1).)

To the extent that defendant requests that the court take judicial notice that the Complaint in the underlying state action was filed, the request is granted. See <u>Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank</u>, 136 F.3d 1360, 1364 (9th Cir. 1998). However, the court will not

3

take judicial notice of any disputed facts contained in the document. See Lee, 250 F.3d at 690. As to item two, the court does not need to judicially notice the pleading in the current proceeding to consider it. Judicial notice of items three and four is appropriate as both are public records. The insurance policy, item five, is neither generally known and capable of accurate and unquestionable determination nor a public record. Because the insurance policy is not attached to the Complaint, the court will not judicially notice it.[1]

### III. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under this "plausibility standard," "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 1949 (quoting Twombly, 550 U.S. at 556-57).

---

[1] As the court does not consider any matters outside the pleadings that are not properly subject to judicial notice, the court declines to treat the motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 12(d).

4

A.   <u>Insurance Code section 11580(b)(2)</u>

Under California Insurance Code section 11580, "whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage . . . an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."  Cal. Ins. Code § 11580(b)(2).  "The judgment creditor's right to sue is not derivative or dependent upon any assignment from the insured."  <u>Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone</u>, 107 Cal. App. 4th 54, 68 (2d Dist. 2003) (quoting Croskey et al., <u>Cal. Practice Guide: Insurance Litigation</u> ¶ 15:1039 (The Rutter Group 2002)).  In order to state a claim under section 11580(b)(2), a complaint must include allegations that a plaintiff (1) obtained a judgment for injury (2) against a party who is insured by an insurance policy that (3) would cover the injury.  <u>Garamendi v. Golden Eagle Ins. Co.</u>, 16 Cal. App. 4th 694, 710 (1st Dist. 2004) (quoting <u>Wright v. Fireman's Fund Ins. Cos.</u>, 11 Cal. App. 4th 998, 1015 (4th Dist. 1992)).  At issue in this case is whether plaintiff can be said to have obtained a judgment against a party insured by Columbia.

The Columbia policy was issued to Attwal Enterprises dba Sierra Manor.  In the underlying action, the only named defendant was "Sierra Manor Associates, Inc., individually and doing business as Sierra Manor."[2]  Plaintiff claims that because

---

[2]   In its Complaint, plaintiff assures the court that the state court's opinion may be amended to include Attwal Enterprises as a named defendant.  It is true that California Civil Code section 187 permits a court to go back and alter its

5

Sierra Manor Associates also does business under the fictional name "Sierra Manor," Sierra Manor Associates should be considered as an insured under the Columbia policy. A fictional business name, or dba, however, "does not create a separate legal identity." Pinkerton's Inc. v. Superior Ct. of Orange Cty., 49 Cal. App. 4th 1342, 1348 (4th Dist. 1996). Rather, the designation "dba" is "merely descriptive of the person or corporation who does business under some other name." Providence Wash. Ins. Co. v. Valley Forge Ins. Co., 42 Cal. App. 4th 1194, 1200 (1st Dist. 1996) (quoting Duval v. Midwest Auto City, Inc., 425 F. Supp. 1381, 1387 (D. Neb. 1977), affd. 578 F.2d 721 (8th Cir. 1978)). Further, because an "insured" must be a legal person, Sierra Manor the dba could never be an insured party under any policy. Providence, 42 Cal. App. 4th at 1200 (citing Cal. Ins. Code § 151). The inclusion of the words "dba Sierra Manor" in the Columbia policy did nothing to change "the risks undertaken"--the insured remained Attwal Enterprises. Id. at 1201 (citing Carlson v. Doekson Gross, Inc., 372 N.W.2d 902, 906 (N.D. 1985)).

     Nor is the court swayed by plaintiff's contention that the real insured under the Columbia policy is Mr. Attwal himself. It is true that courts have held that when individuals who run

---

own judgment to "impose liability under a judgment upon the alter ego who has had control of the litigation," Alexander v. Abbey of the Chimes, 104 Cal. App. 3d 39, 45 (1st Dist. 1980), where "amendment is merely inserting the correct name of the real defendant, such that adding a party to a judgment after the fact does not present due process concerns," Katzir's Floor & Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004). Such an argument, however, has no place in this proceeding. Simply put, this court would have no jurisdiction to alter the separate judgment of another court.

6

sole proprietorships take out insurance policies under fictitious business names, the individuals themselves are the insureds. See, e.g., O'Hanlon v. Hartford Ins. Accident & Indem. Co., 639 F.2d 1019, 1024 (3d Cir. 1981); cf. Ball v. Steadfast-BLK, 196 Cal. App. 4th 694, 701-02 (3d Dist. 2011) (lien listing fictional business name as claimant could be foreclosed by sole proprietor who operated under the fictional business name). Such cases are not on point here.

First, Mr. Attwal runs Attwal Enterprises as a corporation with a legal identity separate from his own, not as a sole proprietorship. Second, this is not a case where a policy was taken out under a fictional business name only, forcing the court to examine facts external to the insurance policy in order to determine the identity of the insured. Instead, the named insured is Attwal Enterprises, an insurable corporation.

This analysis is not inconsistent with the holding in Goss v. Security Insurance Company of California, 113 Cal. App. 577 (1st Dist. 1931). In that case, three individuals conducted business under the fictional business name "Pacific Motor Company," but did not create a separate legal identity for their business. Goss, 113 Cal. App. at 579. The three men took out an insurance policy under the fictional name Pacific Motor Company. Id. When a judgment was entered against the men, doing business as Pacific Motor Company, the insurance company denied coverage, claiming that while it had insured Pacific Motor Company as a corporation, the judgment was against a partnership. Id. at 579-80.

The court rejected the insurance company's argument,

7

noting that as Pacific Motor Company never had any "corporate life," under the insurance company's reasoning it would never be required to pay out anything under the policy in question. <u>Id.</u> at 580.  Instead, the court looked to the intention of the parties in entering the insurance contract.  In view of the fact that the insurance company accepted premiums from the men and that there was never any Pacific Motor Company that could have been insured, the court found that the parties' intentions had been to insure the owners of the garage against liability.  The insurance company, therefore, was required to provide coverage for the judgment against the individuals. <u>Id.</u> at 580-81.

   Unlike in <u>Goss</u>, there is no fear that the policy here is one under which Columbia could never be liable.  The Columbia policy insures a valid legal entity, Attwal Enterprises. Plaintiff claims in its Opposition that the parties intended to insure both Attwal Enterprises and Sierra Manor Associates and that "a premium was obviously paid to cover Sierra Manor under the policy in question."  (Pl.'s Mem. of P. & A. in Opp. at 5-6.) In support of such conclusory statements, all that the Complaint alleges is that the Columbia policy "refers" to the address of the residential elderly care facility at which Emma Cartledge was injured.  (Compl. at 3.)  That fact alone is insufficient to state a plausible claim of entitlement to relief.  <u>Iqbal</u>, 129 S. Ct. at 1949.

   Plaintiff argues alternatively that court should disregard the corporate form and treat Mr. Attwal, Sierra Manor Associates, and Attwal Enterprises as one entity.  In support, plaintiff only states in its Opposition that Mr. Attwal is the

CEO of both corporations and suggests that further discovery "may" reveal other facts that would support application of the alter ego doctrine or piercing the corporate veil. (Pl.'s Mem. of P. & A. in Opp. at 6-7.) The Complaint, however, is devoid of factual allegations that would be necessary to support such an argument.

Further, in the absence of inequitable conduct on the part of the insurer, parties may not use the alter ego doctrine to re-write an insurance policy to add insureds. U.S. Fire Ins. Co. v. Nat'l Union Fire Ins. Co., 107 Cal. App. 3d 456, 472 (1980). Nor can piercing the corporate veil be used to increase an insurer's contractual obligations under an insurance contract with a corporation. GBTI, Inc. v. Ins. Co. of State of Penn., No. CV 09-1173, 2011 WL 1332165, at *6 (E.D. Cal. Apr. 5, 2011) (citing Am. Home Ins. Co. v. Travelers Indem., 122 Cal. App. 3d 951, 966-67 (1981)). The Complaint contains no allegations that Columbia played any role in any abuse of corporate privileges Mr. Attwal "may" have engaged in. The Complaint, therefore, does not allege facts that would support holding Columbia liable under an alter ego theory or through piercing the corporate veil.

B.   Breach of Implied Covenant of Good Faith and Fair Dealing

An insurer's duty of good faith and fair dealing arises from the insurance contract and runs to the insured. Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 39, 400-01 (2000); Murphy v. Allstate Ins. Co., 17 Cal. 3d 937, 944 (1976). A judgment creditor may bring claims for breach of the implied covenant in two situations. First, the creditor may bring claims

assigned to it by the insured.  <u>Murphy</u>, 17 Cal. at 942.  Second, <u>Hand v. Farmers Insurance Exchange</u>, 23 Cal. App. 4th 1847, provides that under California Insurance Code section 11580, in some circumstances, a judgment creditor is properly considered to be a third party beneficiary of an insurance contract who is owed certain duties under the implied covenant of good faith and fair dealing and may sue the insurer for breach of these duties.  <u>Hand v. Farmers Ins. Exch.</u>, 23 Cal. App. 4th 1847, 1857 (2d Dist. 1994).  Such a cause of action, however, only lies where the benefits of a duty under the implied covenant run in favor of the judgment creditor.  <u>Diamond Woodworks, Inc. v. Argonaut Ins. Co.</u>, 109 Cal. App. 4th 1020, 1044 (4th Dist. 2003), <u>overruled on other grounds by</u> <u>Simon v. San Paolo U.S. Holding Co., Inc.</u>, 35 Cal. 4th 1159 (2005) (quoting <u>Hand</u>, 23 Cal. App. 4th at 1857).

  Plaintiff alleges that Columbia breached duties that ran in favor of plaintiff in two ways.  First, plaintiff alleges that Columbia refused to settle within policy limits when there was a substantial likelihood of recovery in excess of those limits.  Second, plaintiff alleges that Columbia failed to have default set aside in the underlying action.  As there are no allegations that plaintiff has been assigned any claims for breach of the implied covenant of good faith and fair dealing, plaintiff must show that it has standing under <u>Hand</u> as a third party beneficiary.

  As an initial point, as discussed above plaintiff has not obtained a judgment against Attwal Enterprises and, therefore, has not become a third-party beneficiary of the policy issued to Attwal Enterprises who is able to bring a claim for

10

1 breach of good faith and fair dealing under <u>Hand</u>.  See <u>Hand</u>, 23
2 Cal. App. 4th at 1858 ("once having secured a final judgment for
3 damages, the plaintiff becomes a third party beneficiary of the
4 policy").  In addition, both of the duties that plaintiff alleges
5 were breached are designed to protect insureds <u>from</u> potential
6 claimants, not to protect potential claimants.  The duty to
7 settle protects "the insured from exposure to liability in excess
8 of the coverage as a result of the insurer's gamble--on which
9 only the insured might lose."  <u>Murphy</u>, 17 Cal. 3d at 941 (citing
10 <u>Shapero v. Allstate Ins. Co.</u>, 14 Cal. App. 3d 433 (1971).  It is
11 not a duty that benefits a judgment creditor.  <u>Ham v. Cont'l Ins.</u>
12 <u>Co.</u>, No. 08-1551, 2009 WL 513474, at *3 (N.D. Cal Mar. 2, 2009).
13 The duty to defend, which protects insureds by giving them the
14 right to "call on the insurer's superior resources for the
15 defense of third party claims," <u>Montrose Chem. Corp. v. Superior</u>
16 <u>Ct.</u>, 6 Cal. 4th 287, 295 (1993), likewise runs only to the
17 insured, not to third party claimants.  <u>San Diego Housing Comm'n</u>
18 <u>v. Indus. Idemn. Co.</u>, 95 Cal. App. 4th 669, 962 (4th Dist. 2002).
19 Accordingly, plaintiff fails to adequately plead a claim against
20 defendant for breach of the implied covenant of good faith and
21 fair dealing.
22        IT IS THEREFORE ORDERED that Columbia Casualty's motion
23 to dismiss be, and the same hereby is, GRANTED.
24        Plaintiff has twenty days from the date of this Order
25 to file an amended complaint, if it can do so consistent with
26 this Order.

1  DATED: November 22, 2011

                          _____
                          WILLIAM B. SHUBB
                          UNITED STATES DISTRICT JUDGE