UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ESTATE OF EMMA CARTLEDGE, | NO. CIV. 2:11-2623 WBS GGH |
| Plaintiff, | |
| v. | <u>ORDER RE: MOTION TO DISMISS</u> |
| COLUMBIA CASUALTY COMPANY, | |
| Defendant, | |

----oo0oo----

Plaintiff the Estate of Emma Cartledge, by and through her successor in interest, Kenny Cartledge, brought this action against defendant Columbia Casualty Company ("Columbia") alleging claims under California Insurance Code section 11580(b)(2) and for breach of the implied covenant of good faith and fair dealing.  Defendant now moves to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.
///

1

I.   <u>Procedural and Factual Background</u>

Sierra Manor Associates, Inc. ("Sierra Manor Associates") is a residential elder care facility that does business as Sierra Manor. (FAC at 2-3.) Cartledge obtained a default judgment in state court ("the underlying state action") against Sierra Manor Associates, Inc., individually and doing business as Sierra Manor, in the amount of $2,000,471.50 for claims arising from injuries allegedly sustained by Emma Cartledge while she was a resident at Sierra Manor. (FAC at 2; Req. for Judicial Notice Ex. B.) Sierra Manor Associates was the only defendant named in the underlying state action. (Req. for Judicial Notice Ex. B.)

Columbia issued a commercial liability policy ("Columbia policy") to Attwal Enterprises, Inc. ("Attwal Enterprises"). (FAC at 3.) The Columbia policy lists both Sierra Manor and Woodson Lodge as dba's for Attwal Enterprises. (Miller Decl. Ex. C at 5.) However, "on-line corporation reports of the State of California" do not list "the dba SIERRA MANOR as an 'associated business' or 'fictitious business name' of Attwal Enterprises, Inc." (FAC at 5.) The address "2770 Sierra Ladera Lane, Bldg 1&2, Chico, CA," which is the address of the Sierra Manor facility run by Sierra Manor Associates, is noted in the policy as an insured location. (FAC at 3.) The other insured location is 3758 Illinois Ave, Corning, California, (Miller Decl. Ex. C at 9), which is the location of the Woodson Lodge facility, which is run by Balwinder Attwal ("Mr. Attwal"). (FAC at 4.) Sierra Manor Associates is not listed as an insured on the policy. (FAC at 4; Miller Decl. ¶ 2, Ex. C.)

1           Mr. Attwal is the CEO of both Attwal Enterprises and
2  Sierra Manor Associates.  (FAC at 5.)  Plaintiff alleges that it
3  was the intention of both parties to the Columbia policy that the
4  commercial liability policy issued to Attwal Enterprises also
5  cover claims made against Sierra Manor, the assisted living
6  facility located at 2770 Sierra Ladera Lane.  (FAC at 3.)
7  Plaintiff claims that both parties intended for Sierra Manor
8  Associates to be an insured under the policy and that the name of
9  that corporation was not listed as an insured on the insurance
10 contract as the result of a clerical error.  (FAC at 4.)
11          In support of this alleged shared intent, the FAC notes
12 that Mr. Attwal represented to the California Department of
13 Social Services that, as the licensee/owner of Sierra Manor, he
14 would add liability insurance to the coverage of Sierra Manor
15 once the facility was opened and that "the only liability
16 insurance policy found covering SIERRA MANOR is the
17 aforementioned policy with defendant."  (FAC at 5-6.)
18 Additionally, plaintiff alleges that Columbia, in its initial
19 communications with it regarding the underlying action,
20 acknowledged coverage for Sierra Manor, and that according to the
21 agent who purchased the policy and dealt directly with Mr.
22 Attwal, "the parties intended to cover the dba SIERRA MANOR,
23 located at 2770 Sierra Ladera Lane, Chico, California for
24 professional and general negligence liability."  (FAC at 4-5.)
25 Finally, the FAC points out that because it was represented to
26 the California Department of Social Services that the assisted
27 living facility known as Sierra Lodge was run by Sierra Manor
28 Associates and that the second facility referred to in the

3

1  Columbia policy, Woodson Lodge, was run by Mr. Attwal personally,
2  Attwal Enterprises did not run any assisted living facility that
3  would be covered by the insurance policy as written.  Therefore,
4  under the policy as written, no coverage could ever be found
5  despite the fact that Columbia was paid a premium of $22,571.
6  (Compl. at 3:22-24.)

7        Plaintiff alleges that Columbia was aware of the
8  judgment entered against Sierra Manor Associates in the
9  underlying action and that Columbia was obligated by the terms of
10 the insurance policy to provide coverage for that judgment.  (FAC
11 at 6.)  Columbia, however, has yet to pay that judgment, in what
12 plaintiff claims is a breach of the covenant of good faith and
13 fair dealing.  (FAC at 6.)

14       Claiming that Sierra Manor Associates was an insured
15 under the Columbia policy, plaintiff brought this action against
16 Columbia as a judgment creditor seeking to collect on the default
17 judgment against Sierra Manor Associates and bringing a claim for
18 breach of the implied covenant of good faith and fair dealing.

19 II.  Judicial Notice

20       In general, a court may not consider items outside the
21 pleadings when deciding a motion to dismiss, but it may consider
22 items of which it can take judicial notice.  Barron v. Reich, 13
23 F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial
24 notice of facts "not subject to reasonable dispute" because they
25 are either "(1) generally known within the territorial
26 jurisdiction of the trial court or (2) capable of accurate and
27 ready determination by resort to sources whose accuracy cannot
28 reasonably be questioned."  Fed. R. Evid. 201.  Judicial notice

1  may properly be taken of matters of public record outside the
2  pleadings.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504
3  (9th Cir. 1986).  The Ninth Circuit has also held that a court
4  may "consider certain materials--documents attached to the
5  complaint, documents incorporated by reference in the complaint,
6  or matters of judicial notice--without converting the motion to
7  dismiss into a motion for summary judgment."  United States v.
8  Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

9       Columbia has requested that the court take judicial
10 notice of four items: (1) the Complaint in the underlying state
11 action; (2) the amended judgment in the underlying state action;
12 (3) a copy of the California Secretary of State Business Entity
13 Detail for Attwal Enterprises; and (4) a copy of the California
14 Secretary of State Business Entity Detail for Sierra Manor
15 Associates.  (Req. for Judicial Notice.)

16       As the Columbia policy is extensively referenced in the
17 Complaint and neither party disputes its authenticity, the court
18 will take judicial notice of it.  See Ritchie, 342 F.3d at 909
19 ("The doctrine of incorporation by reference may apply, for
20 example, when a plaintiff's claim about insurance coverage is
21 based on the contents of a coverage plan . . . ." (citing Parrino
22 v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998))).

23       To the extent that Columbia requests that the court
24 take judicial notice that the Complaint in the underlying state
25 action was filed and that an amended judgment was entered, the
26 request is granted.  See Burbank-Glendale-Pasadena Airport Auth.
27 v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998).
28 However, the court will not take judicial notice of any disputed

5

facts contained in the document.  See Lee, 250 F.3d at 690. Judicial notice of the business entity details is appropriate as both are public records.

Plaintiff has attached a sixteen documents to its Opposition, but has not requested that the court take judicial notice of any of them.  "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."  Ritchie, 342 F.3d at 908.  As the court does not rely on any of these materials and as Columbia has not had time to respond to them, the court will not consider plaintiff's attachments and will not convert defendant's 12(b)(6) motion into a motion for summary judgment.

III. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Under this "plausibility standard," "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

entitlement to relief.'" <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 556-57).

      A.   <u>Insurance Code section 11580(b)(2)</u>

Under California Insurance Code section 11580, "whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage . . . an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment." Cal. Ins. Code § 11580(b)(2). "The judgment creditor's right to sue is not derivative or dependent upon any assignment from the insured." <u>Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone</u>, 107 Cal. App. 4th 54, 68 (2d Dist. 2003) (quoting Croskey et al., <u>Cal. Practice Guide: Insurance Litigation</u> ¶ 15:1039 (The Rutter Group 2002)). In order to state a claim under section 11580(b)(2), a complaint must include allegations that a plaintiff (1) obtained a judgment for injury (2) against a party who is insured by an insurance policy that (3) would cover the injury. <u>Garamendi v. Golden Eagle Ins. Co.</u>, 16 Cal. App. 4th 694, 710 (1st Dist. 2004) (quoting <u>Wright v. Fireman's Fund Ins. Cos.</u>, 11 Cal. App. 4th 998, 1015 (4th Dist. 1992)). At issue in this case is whether the judgment obtained by plaintiff can be said to be a judgment against a party insured by Columbia.

As the court discussed in its earlier Order, in <u>Goss v. Security Insurance Company of California</u>, 113 Cal. App. 577 (1st Dist. 1931), three individuals conducted business under the fictional business name "Pacific Motor Company," but did not create a separate legal identity for their business. <u>Goss</u>, 113

7

Cal. App. at 579.  The three men took out an insurance policy under the fictional name Pacific Motor Company.  Id.  When a judgment was entered against the men, doing business as Pacific Motor Company, the insurance company denied coverage, claiming that while it had insured Pacific Motor Company as a corporation, the judgment was against a partnership.  Id. at 579-80.

The court rejected the insurance company's argument, noting that as Pacific Motor Company never had any "corporate life," under the insurance company's reasoning it would never be required to pay out anything under the policy in question.  Id. at 580.  Instead, the court looked to the intention of the parties in entering the insurance contract.  In view of the fact that the insurance company accepted premiums from the men and that there was never any Pacific Motor Company that could have been insured, the court found that the parties' intentions had been to insure the owners of the garage against liability.  The insurance company, therefore, was required to provide coverage for the judgment against the individuals.  Id. at 580-81.

Goss was cited in Winchester v. General Cab Co., 13 Cal. App. 2d 551 (2d Dist. 1936).  In that case, Mercer Casualty Company issued policy of indemnity that listed as the insured John Coyle, receiver in equity for General Cab Company dba Red Top Cab Company.  Id. at 554.  The plaintiffs in Winchester had been in an accident with one of the General Cab Company's vehicles and brought suit against General Cab Company and were awarded damages, but Coyle was not a party to that action.  Id.  The court relied on the lower court's finding that the policy in question had been made for the benefit of the General Cab Company

in rejecting Mercer Casualty's argument that coverage for the claims brought by plaintiff did not exist. Id. at 554-56. Specifically, the court disagreed with the contention that a judgment had not been "rendered against the assured" as Coyle, the named insured, was not a party to the lawsuit. Id. Instead, the court held that "[t]he facts as found by the [lower] court show that the judgment for damages was against one of the parties, which was, in fact, the insured," and so the insurance company was required to provide coverage of the judgment entered in the plaintiffs' favor. Id. at 556.

In Insurance Co. of North America v. Central National Insurance Co. of Omaha, 567 F.2d 894 (9th Cir. 1978), a condominium insurance policy issued by the defendant listed a condominium association as the insured, even though the association did not exist at the time the policy was taken out. The policy was purchased by the condominium builder, who had also purchased a "special multi-peril insurance policy with a 'builder's risk' endorsement" from plaintiff. Id. at 895. When the condominiums were destroyed in a fire, the defendant disputed coverage on the grounds that the non-existent condominium association had no insurable interest. Id.

The court, upholding the district court's judgment in favor of the plaintiff, countered that the association was not the relevant party and that, regardless of the named insured listed on the policy, the real question at issue was whether the builder, who had assigned his claims to the plaintiff, "had a claim against [defendant]." Id. As defendant had billed the builder for the policy, been paid the premium on the policy by

the builder, and dealt with the builder in subsequent insurance matters, it was "estopped from denying its liability to [the builder]" on the policy at issue.  Id. at 895-96.

In a more recent case from this district, Bishara v. Century Surety Company, No. EDCV 09-01745, 2011 WL 1334406 (E.D. Cal. Apr. 6, 2011), the relevant insurance policy listed "Havana's Sports Bar & Restaurant" as the insured and described the insured as an organization.  Havana's Sports Bar and Restaurant was allegedly owned by the plaintiff, Shadi N. Bishara, who was also listed as the secretary of a corporation bearing the name Havanas Inc.  Id. at *3.  The insurance company argued that the insured was "Havana's Inc." and not plaintiff and that plaintiff therefore did not have standing to bring a claims under the policy.  Id. at *7.

However, looking at evidence that the insurance application and other relevant forms listed "Shadi N [sic] Bishara dba Havanas Bar" and "Shadi N Bishara/Havana Bar & Restaurant" as the party seeking insurance, the court held that on a summary judgment motion, the plaintiff had "demonstrate[d] sufficiently the name on the Policy may be the result of a scrivener's error, and therefore dispute[d] sufficiently whether he was a party to the policy."  Id. at *7-8.  The court further noted that even if the defendant had demonstrated that the plaintiff was not a named party to the policy, "such a demonstration would not necessarily bar Plaintiff from bringing a suit under the Policy" in part because "[w]hen an insurance company, though its own fault, issues a policy to an assured under a wrong name, and accepts and retains premiums in payment

10

therefor, it will be estopped from denying that the real [party] was insured by the terms of the policy." Id. at *8 (quoting Capital Glenn Min. Co. v. Indus. Acc. Comm'n, 124 Cal. App. 79, 86 (3d Dist. 1932)).

Here, in the underlying state action, the only named defendant was "Sierra Manor Associates, Inc., individually and doing business as Sierra Manor." In its prior Order, the court found that plaintiff's original Complaint, in which it did not lay out any facts to explain why Sierra Manor Associates should be considered an insured under the Columbia policy, did not allege facts that were sufficient to make a plausible claim of entitlement to relief. Now, however, plaintiff alleges that the insurance contract was intended to cover the assisted living facility run by Sierra Manor Associates under the name Sierra Manor and that Sierra Manor Associates was intended to be an insured under the policy, but its name was inadvertantly left out of the policy.

If, as plaintiff claims, Columbia intended to insure the Sierra Manor facility run by Sierra Manor Associates, then Columbia, like the insurance companies in Bishara and Insurance Company of North America, cannot claim that requiring them to treat Sierra Manor Associates as an insured will cause them prejudice or increase the risks they assumed in issuing the policy. Further, plaintiff alleges that Columbia accepted premiums on the policy in question, as did the insurance companies in Bishara and Insurance Company of North America who were estopped from denying coverage. Although, unlike in Goss, Bishara, and Insurance Company of North America, there was a

11

valid, legal entity named as the insured in this case, plaintiff still claims that the policy as written, like the policy in <u>Goss</u>, is one under which coverage would never exist as there is no assisted living facility run by Attwal Enterprises at the locations listed in the Columbia policy.

If true, the facts as alleged in the FAC suggest that Sierra Manor Associates was intended to be an insured under the policy, but that "a mistake in the name of the assured occur[red] though [the insurance company's] own negligence." <u>Capital Glenn Mining Co.</u>, 124 Cal. App. at 84. Such facts are sufficient to state a plausible claim that plaintiff has obtained a judgment against a party insured by Columbia. As no party has suggested that the judgment in the underlying action was not for an injury that would be covered by the Columbia policy, plaintiff has sufficiently pled its claim as a judgment creditor under § 11580(b)(2).[1]

---

[1] The FAC additionally states that Sierra Manor Associates was operated as "a subsidiary or other alter ego of Attwal Enterprises, Inc." (FAC at 5.) In the absence of inequitable conduct on the part of the insurer, however, parties may not use the alter ego doctrine to re-write an insurance policy to add insureds. <u>U.S. Fire Ins. Co. v. Nat'l Union Fire Ins. Co.</u>, 107 Cal. App. 3d 456, 472 (1980). Nor can piercing the corporate veil be used to increase an insurer's contractual obligations under an insurance contract with a corporation. <u>GBTI, Inc. v. Ins. Co. of State of Penn.</u>, No. CV 09-1173, 2011 WL 1332165, at *6 (E.D. Cal. Apr. 5, 2011) (citing <u>Am. Home Ins. Co. v. Travelers Indem.</u>, 122 Cal. App. 3d 951, 966-67 (1981)). As was the case with the Complaint, the FAC contains no allegations that Columbia played any role in any abuse of corporate privileges that may have occurred. The FAC, therefore, does not allege facts that would support holding Columbia liable under an alter ego theory or through piercing the corporate veil.
    Columbia also argues that plaintiff's claim should fail because it does not have standing to bring a claim for reformation of the policy. As plaintiff is not bringing a claim for reformation, this argument is irrelevant.

12

1   B.   <u>Breach of the Implied Covenant of Good Faith and Fair
2        Dealing</u>

3            An insurer's duty of good faith and fair dealing arises from the insurance contract and runs to the insured. <u>Kransco v. Am. Empire Surplus Lines Ins. Co.</u>, 23 Cal. 4th 39, 400-01 (2000); <u>Murphy v. Allstate Ins. Co.</u>, 17 Cal. 3d 937, 944 (1976). A judgment creditor may bring claims for breach of the implied covenant in two situations. First, the creditor may bring claims assigned to it by the insured. <u>Murphy</u>, 17 Cal. at 942. Second, <u>Hand v. Farmers Insurance Exchange</u>, 23 Cal. App. 4th 1847 (2nd Dist. 1994), provides that under California Insurance Code section 11580, in some circumstances, a judgment creditor is properly considered to be a third-party beneficiary of an insurance contract who is owed certain duties under the implied covenant of good faith and fair dealing and may sue the insurer for breach of these duties. <u>Hand</u>, 23 Cal. App. 4th at 1857. As the court pointed out in its previous Order, such a cause of action, however, lies only where the benefits of a duty under the implied covenant run in favor of the judgment creditor. <u>Estate of Emma Cartledge v. Columbia Cas. Co.</u>, No. CIV. 2:11-2623, 2011 WL 5884255, at *5 (E.D. Cal. Nov. 23, 2011) (citing <u>Diamond Woodworks, Inc. v. Argonaut Ins. Co.</u>, 109 Cal. App. 4th 1020, 1044 (4th Dist. 2003), <u>overruled on other grounds by</u> <u>Simon v. San Paolo U.S. Holding Co., Inc.</u>, 35 Cal. 4th 1159 (2005) (quoting <u>Hand</u>, 23 Cal. App. 4th at 1857)).

            Plaintiff now alleges that Columbia breached duties that ran in its favor when Columbia failed to pay the judgment entered against Sierra Manor Associates. As there are no

13

1 allegations that plaintiff has been assigned any claims for
2 breach of the implied covenant of good faith and fair dealing,
3 plaintiff must show that it has standing under Hand as a third-
4 party beneficiary.

5        According to allegations in the FAC, Sierra Manor
6 Associates was an insured under the policy issued by Columbia,
7 but its name was left out of the policy due to a scrivener's
8 error.  Assuming this to be true, as the court must on a motion
9 to dismiss, plaintiff has obtained a final judgment for damages
10 against an insured.  Once this judgment against an insured party
11 was entered, the insurer's duty to pay was triggered.  As the
12 duty to pay is "in place as much to protect adjudicated injured
13 parties from uncompensated loss as to protect the insured from
14 personal financial disaster," Hand, 23 Cal. App. 4th at 1858,
15 plaintiffs who obtain a final judgment for damages, as plaintiff
16 here has done, are third-party beneficiaries to the insurance
17 contract with standing under California law to bring claims for
18 an unreasonable, bad faith refusal to pay.  E.g., Chen v.
19 Scottsdale Ins. Co., 1 Fed. Appx. 691, 692 (9th Cir. 2001); Ham
20 v. Continental Ins. Co., No. 08-1551 SC, 2009 WL 513474, at *4-5
21 (N.D. Cal. Mar. 2, 2009); Diamond Woodworks, 109 Cal. App. 4th at
22 1044; Hand, 23 Cal. App. 4th at 1857-58.

23        The FAC alleges that Columbia knew that Sierra Manor
24 Associates was an insured under the Columbia policy, even
25 acknowledging this fact in a letter to plaintiff (FAC at 4-5),
26 but is now avoiding making payment required of it according to
27 the terms of that policy by exploiting its own clerical mistake.
28 Such allegations are sufficient for a third-party beneficiary to

1  state a claim for unreasonable, bad faith refusal to pay in
2  violation of the covenant of good faith and fair dealing that is
3  plausible on its face and, contrary to the representations of
4  defendant's counsel during oral arguments, nothing in <u>Hand</u> would
5  suggest otherwise.
6          IT IS THEREFORE ORDERED that Columbia's motion to
7  dismiss be, and the same hereby is, DENIED.
8  DATED:    January 30, 2012

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE